AARON D. FORD
  Attorney General
MANDANA DIVANBEIKI, (Bar No. 14862)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., #3900
Las Vegas, Nevada 89101
(702) 486-3192 (phone)
(702) 486-3773 (fax)
E-mail: mdivanbeiki@ag.nv.gov

*Attorneys for Defendants,*
*Romeo Aranas, Isidro Baca, Shelly Conlin,*
*Richard Long, David Mar,*
*Melissa Mitchell and William Miller*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES MORRIS, | Case No. 3:18-cv-00310-RCJ-CLB |
| Plaintiff, | |
| vs. | **UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE AND REQUESTING THAT THE DUE DATE BE EXTENDED BY FORTY-FIVE DAYS FROM MAY 7, 2021, TO JUNE 21, 2021** |
| ROMEO ARANAS, et al., | |
| Defendants. | **(SECOND REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)** |

Defendants, Romeo Aranas, Isidro Baca, Shelly Conlin, Richard Long, David Mar, Melissa Mitchell and William Miller, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Mandana Divanbeiki, Deputy Attorney General, hereby move to extend by forty-five days the dispositive motions deadline only from May 7, 2021, to June 21, 2021. This motion is unopposed.

On May 7, 2021, counsel for Defendants met and conferred via telephone with Plaintiff Charles Morris to discuss the instant motion to extend the deadline to file dispositive motions. Morris stated that this motion is unopposed. Defendants move for a deadline extension for the reasons stated below.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LAW AND ARGUMENT

### A. Rule 6(b), Federal Rules of Civil Procedure.

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

> When an act may or must be done within a specified time, the Court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).

### B. Local Rules IA 6-1 and 26-3.

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### C. Good cause exists, thus an order should grant Defendants' motion for an extension of the dispositive motions deadline.

Here, good cause exists for extending the dispositive motions deadline by forty-five days. Defendants intend to move for summary judgment and will raise a qualified immunity defense and argue that no constitutional violations occurred. By extending the deadline by forty-five days, Morris is under no danger of prejudice, and the delay is short.

Attorney Divanbeiki started with the Nevada Attorney General's Office approximately two months ago. Upon commencement of her employment, Attorney Divanbeiki became counsel of record for the defense in approximately thirty actions and has worked assiduously and expeditiously to review each case file.

Attorney Divanbeiki inherited a somewhat chaotic and pressing caseload that required her paying attention to multiple imminent deadlines; she has spent much of her time reviewing her current cases, responding to those deadlines, and resolving discovery issues as well as preparing for multiple early inmate mediation conferences et al. She assumed defense responsibilities for this action as recently as March 10, 2021 (ECF No. 57), thus has had very little time with which to acquaint herself with this complex medical case.

Attorney Divanbeiki has a medical condition that has required her recent attendance at physical therapy. She suffers from an acute case of shoulder and neck pain (rotator cuff strain) that requires the use of painkillers. Also, she must get up and move around frequently. This has undoubtedly slowed down temporarily her typing and writing speed and her ability to sit for extended periods. This medical condition requires ongoing care but is improving. In sum, because of a heavy caseload, being a new starter, and having a temporary medical condition, Attorney Divanbeiki would benefit from a brief extension of time.

Morris sues for two counts of Eighth Amendment deliberate indifference and his case preparation involves his examining copious amounts of medical records. Morris indicated to Attorney Divanbeiki at today's meet and confer that he also needs an extension of time

to file his motion for summary judgment because he is disabled and because he has yet to review fully his medical records.

A January 6, 2021 order (ECF No. 51) grants previous defense counsel's January 4, 2021 motion (ECF No. 49) to extend the dispositive motions deadline to May 7, 2021. The January 6 order states:

> Because the Defendants do not know when Plaintiff review his medical records due to COVID restrictions, the Court GRANTS Defendants' motion (ECF No. 49) to allow a thirty-day extension as follows:
>
> Discovery Deadline as to William Miller only: April 7, 2021
> Dispositive Motions Deadline: May 7, 2021
> Joint Pretrial Order Deadline: June 7, 2021 or thirty days following the court's ruling on dispositive motion(s)
>
> The Office of the Attorney General shall make arrangements for Plaintiff to review his medical records as soon as is practical due to COVID restrictions.

(ECF No. 49 at 1–2)

Morris states that he still has not reviewed fully the records as ordered above; this is due mainly to COVID restrictions, and defense counsel is working flat out to ensure that Morris has necessary and continued access in accord with the Court's January 6 order. Thus, a forty-five-day extension will allow Morris to view his remaining records and prepare his motion for summary judgment.

Finally, because of the COVID pandemic, Attorney Divanbeiki has worked from home for much of the time, and this has made discovery more difficult than usual; her ability to access Morris's medical and other records (in addition to necessary declarations and the like) has been impeded and slowed down; however, Attorney Divanbeiki is working diligently to defend this action. In sum, Attorney Divanbeiki needs additional time in order to adequately brief the Court for summary judgment in this action.

///

///

///

**D. The Four Factors Contained within LR 26-3 are satisfied.**[1]

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied. Defendants have completed discovery in this action, and no further discovery is needed. The reasons why both Morris and Defendants are unable to adhere to the dispositive motions deadline are succinctly and thoroughly elaborated on at length in the preceding paragraphs. No discovery remains, but Defendants move to amend the scheduling order to extend by forty-five days the dispositive motions deadline.

**E. Meet and Confer**

On May 7, 2021, counsel for Defendants met and conferred via telephone with Morris to discuss this motion to extend the deadline to file dispositive motions. Morris stated that this motion is unopposed.

///

///

///

---

[1] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, NDOC Employees neither move to extend a discovery deadline nor move to reopen discovery, but because this motion seeks to extend a deadline originally established by a January 6, 2021 scheduling order (ECF No. 51) to May 7, 2021, out of an abundance of caution, the factors contained within LR 26-3 are addressed in case the court decides that the four-factor requirement contained within that rule applies in this instance.

## II. CONCLUSION

Both Defendants and Morris demonstrate good cause to extend the dispositive motions deadline to June 21, 2021. Morris does not oppose this motion. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the court, and because the Ninth Circuit and other appellate courts prefer to see that cases are tried on the merits and not on a technicality, Defendants respectfully move for an extension of time to file a motion for summary judgment and request that the due date be extended from **May 7, 2021**, to **June 21, 2021**.

DATED this 7th day of May, 2021.

> AARON D. FORD
> Attorney General
>
> By: /s/ *Mandana Divanbeiki*
>     MANDANA DIVANBEIKI (Bar No. 14862)
>     Deputy Attorney General
>
> *Attorneys for Defendants*
> *Romeo Aranas, Isidro Baca, Shelly Conlin,*
> *Richard Long, David Mar, Melissa*
> *Mitchell and William Miller*

NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES.

IT IS SO ORDERED.

Dated: May 10, 2021

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on May 7th, 2021, I electronically filed the foregoing **UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE AND REQUESTING THAT THE DUE DATE BE EXTENDED BY FORTY-FIVE DAYS FROM MAY 7, 2021, TO JUNE 21, 2021 (SECOND REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE),** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

Charles Morris, #62773
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
nncclawlibrary@doc.nv.gov
Plaintiff, Pro Se

/s/Sheri Regalado
Sheri Regalado, An employee of the Office
of the Nevada Attorney General