UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES MORRIS,

Plaintiff,

v.

ROMEO ARANAS, et al.,

Defendants.

Case No. 3:18-CV-0310-RCJ-CLB

**ORDER**

Currently before the court is a document Plaintiff filed entitled "Verification" in which is difficult to understand. Plaintiff states he believes certain records were missing from his medical file and/or is requesting an additional period for discovery. (ECF No. 62). Defendants responded that no documents were removed Plaintiff's medical file and they oppose any further extension of discovery. (ECF No. 63). Plaintiff replied (ECF No. 64).

The first scheduling order in this case was issued in March 2020 with a discovery deadline of June 22, 2020. (ECF No. 18). Thereafter, discovery was extended three times to April 7, 2021. (ECF No. 21, 39, & 51). Defendants have also received a further extension of time to June 21, 2021 to file a dispositive motion. (ECF No. 61).

Pursuant to Local Rule 26-3, a motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the

failure to act was the result of excusable neglect.  Plaintiff's motion was filed 49 days after the close of discovery (ECF No. 62).  Plaintiff states in his motion that "somewhere something went wrong and I was never done with my discovery." (ECF No. 62).  Plaintiff further alludes to issues surrounding the review of his medical records and/or potential missing records after his records review on "the 13th of May 2021." (*Id.*)  Plaintiff was granted an extraordinary amount of time – over one year – to complete discovery (ECF Nos. 18, 21, 39, & 51).[1]  Plaintiff has shown neither good cause nor excusable neglect.  He has shown only a lack of diligence on his part to complete discovery in the one-year time period granted to him.  To the extent Plaintiff is asking to reopen discovery which closed on April 7, 2021, Plaintiff's request is **DENIED**.

To the extent Plaintiff seeks a further review of his medical records, Plaintiff may review his medical records in accordance with standard prison policy and will be permitted to review all medical record exhibits that may be attached to any motion for summary judgment that is filed.  While medical record exhibits will be sealed on the court's public docket, Plaintiff shall be provided with any medical record exhibits, and shall be permitted to keep those medical records in his cell for the purpose of responding to any dispositive motion that may be filed.

**DATED**:  June 22, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Incarcerated Plaintiffs are routinely granted only 90 days to complete discovery.  Discovery periods longer than 180 days require special scheduling review.  LR 26-1(b)(1).