UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES MORRIS,<br><br>                               Plaintiff,<br><br>   v.<br><br>ARANAS, *et al.*,<br><br>                               Defendants. | Case No. 3:18-CV-00310-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 98, 99] |

Plaintiff Charles Morris ("Morris") filed the instant civil rights case against Defendants Romeo Aranas ("Aranas"), Isidro Baca ("Baca"), Shelly Conlin ("Conlin"), Richard Long ("Long"), David Mar ("Mar"), Melissa Mitchell ("Mitchell"), and William Miller ("Miller") (collectively referred to as "Defendants"), based on alleged deliberate indifference to his medical needs related to ongoing back issues between 2006 until 2018. Currently pending before the Court are Morris's motions for preliminary injunction and for a temporary restraining order based on the alleged delay in NDOC in providing him a wheelchair and alleged disagreements between Morris and NDOC Nurse Melissa Mitchell. (ECF Nos. 98, 99.)[2] For the reasons stated below, the Court recommends that Morris's motions be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Morris is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. (ECF No. 1.) On June 27, 2018, Morris submitted his initial complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.)

---

[1]   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   ECF Nos. 98 and 99 are identical documents. Defendants opposed the motions, (ECF Nos. 100, 101), and Morris replied. (ECF No. 102.)

Pursuant to 28 U.S.C. § 1915A(a), the District Court screened the complaint on October 7, 2019. (ECF No. 7.) The District Court determined Morris could proceed on two claims: (1) an Eighth Amendment deliberate indifference to serious medical needs claim based upon alleged failures to treat his back problems, including delaying and/denying him surgery for his back between 2006 to 2018; and (2) an Eighth Amendment unsafe prison conditions claim based on allegations that Defendants ordered Morris to a top tier bunk and the refusal to move him to a lower tier resulted in him falling down the stairs and sustaining injuries. (ECF No. 7 at 3-10.)[3]

On February 12, 2021, Morris filed a motion for an "emergency request" seeking that the Court order Defendants to provide him a wheelchair and walker. (ECF No. 54.) Following full briefing, the Court held a hearing and explained to Morris that it could not grant the motion or enter the injunctive relief he sought because the issues raised were based on facts and circumstances that were separate and distinct from the facts and circumstances alleged in the complaint. (ECF No. 59.) Ultimately, Morris withdrew the motion and defense counsel agreed to assist in getting Morris's approved wheelchair.

Morris now moves the Court for a preliminary injunction and temporary restraining order. (ECF Nos. 98, 99.) In the motions, Morris requests that the Court enter an order requiring the NDOC "to assign medical staff member who is knowledgeable in all aspects of Plaintiff's condition, to be his contact for medical needs . . . [and that] the Court supervise the provision of medical treatment [Morris] receives." (ECF Nos. 98 at 4; ECF No. 99 at 4.) This relief is sought based on the alleged delay in providing him a wheelchair (which he admits he received in February 2022), and his ongoing disagreements with Nurse Mitchell over receiving additional MRIs for his back—events that occurred long after this lawsuit was filed.

Defendants argues that Morris's motions should be denied because: (1) Morris did not exhaust his administrative remedies related to the new claims alleged in his motions;

---

[3] The Court later granted leave for Morris to amend his complaint to add an additional defendant. (ECF No. 42.)

(2) the Court does not have authority to hire medical staff or supervise NNCC's medical department; and (3) Morris's motions fail to support the factors necessary for issuance of injunctive relief. (ECF Nos. 100, 101.) Morris replied, asserting that he is being subjected to "cruel and unusual punishment" and "retaliation" based on Defendants' continued violations of his constitutional rights. (ECF No. 102.)

## II.   LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires that the court determine whether the plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51; *see also Alliance*, 632 F.3d at 1131. The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions"

test survives when applied as part of the four-element *Winter*'s test. *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (citations omitted). The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Further, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict

the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Finally, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id*. Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410, 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:098-cr-3012, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

**III.    DISCUSSION**

Having reviewed all the filings related to this motion with the above-cited principles in mind, the Court finds that Morris's motions should be denied for several reasons. First, as with the initial motion for "emergency relief," the current issues raised in the present motions involve issues that arise from new facts and circumstances that are distinct from the facts and circumstances that underlie this lawsuit. In the current motions, Morris asserts that Defendants delayed providing him a wheelchair after a hearing that occurred after this case was filed (in September 2021), and details the responses provided to his

grievances related to the wheelchair issue. In addition, the motions allege that Nurse Mitchell engaged in some sort of misconduct in relation to an MRI and refused Morris's treatment in February 2022. However, the facts and circumstances at issue *in this lawsuit* pre-date the issues surrounding delivery of a wheelchair to Morris and are explicitly related to alleged failures to treat Morris's back pain between 2006 to 2018—several years prior to conduct related to the wheelchair, any grievances filed with respect to the wheelchair or any issues related to Nurse Mitchell that allegedly occurred in 2022. Therefore, these motions seek relief based on new allegations of alleged misconduct— that are distinct from the issues presented in the complaint—and must be denied. *See e.g., Padilla*, 2011 WL 2746653, at *8 (denying request for preliminary injunction unrelated to claims in the complaint).

In addition, Morris's motions must also be denied because Morris failed to address or establish any of the *Winter's* factors to support the imposition of the extreme injunctive remedy sought by these motions. Specifically, Morris failed to provide any evidence that: (1) he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; or (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted). Therefore, the motions must be denied on this additional basis.

### IV.    CONCLUSION

For good cause appearing and the reasons stated above, the Court recommends that Morris's motion for preliminary injunction and motion for temporary restraining order, (ECF Nos. 98, 99), be denied.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Morris's motion for preliminary injunction and motion for temporary restraining order, (ECF Nos. 98, 99), be **DENIED**.

DATED:  May 23, 2022      .

_____
**UNITED STATES MAGISTRATE JUDGE**