**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES MORRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROMEO ARANAS, *et al.*,<br><br>　　　　Defendants. | Case No. 3:18-CV-310-RCJ-CLB<br><br>**ORDER** |

On February 25, 2022, Plaintiff Charles Morris ("Morris") filed a Motion for Appointment of Counsel. (ECF No. 94). The Court ultimately denied the motion, finding that exceptional circumstances did not exist to warrant appointment of counsel at that time. (ECF No. 111). Morris now brings an action for appointment of pro bono counsel under the Pro Bono Program. (ECF No. 108). At this point in time, the Court believes that Morris' case is a good candidate for the Pro Bono Program for the reasons discussed below. For that reason, the Court grants Morris' Motion for Appointment of Counsel (ECF No. 108) and withdraws the Order denying appointment of counsel. (ECF Nos. 111).[1]

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under

---

[1] Morris also brings an additional Motion for Appointment of Counsel (ECF No. 119) with points and authorities to get referred to the Pro Bono Program. The Court denies this motion as moot.

"exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court did not find that Morris provided sufficient evidence to warrant appointment of counsel under exceptional circumstances. (ECF No. 111).

However, the Court can reconsider appointing counsel under the Pro Bono Program without needing exceptional circumstances. Under that program, the Court "may refer the case to the [Pro Bono] Program for the appointment of pro bono counsel" at any time. Second Amended General Order 2019-07. The Court has the discretion to refer the case to the program and the referral "is not an endorsement of the merits of the case." *Id.*

Given the posture of this case at this juncture, the Court finds that Morris will benefit greatly from appointment of pro bono counsel. Specifically, given the procedural posture of the case, counsel will help Morris prepare for trial and represent him at trial. "The assistance of counsel becomes increasingly important as litigation enters its later stages and the tasks become more complex." *Blanco v. Jacoby*, No. 3-20-CV-00050-ART-CRD, 2023 WL 2238850, at *3 (D. Nev. Feb. 27, 2023). Especially here, where this is a jury trial.

Additionally, given the attempts to settle this case, counsel will aid Morris engage in further settlement conversations. Counsel can help explain to Morris the benefits and drawbacks of negotiating to a settlement agreement. Counsel can also better communicate with the Defendant in this matter being that Morris is in the state's custody. Accordingly, the Court finds that referral to the Pro Bono Program is warranted.

The Court therefore withdraws the prior order denying the motion for appointment of counsel, (ECF No. 111), and reconsiders and grants Morris' motion for appointment of counsel. (ECF No. 108). This case is referred to the Pro Bono Program adopted in the Second Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Morris. Again, by referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Accordingly, **IT IS HEREBY ORDERED** that the Court's prior order denying the motion for appointment of counsel, (ECF No. 111), is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that upon reconsideration, Morris' Motion for Appointment of Counsel, (ECF No. 108), is **GRANTED**.

IT IS FURTHER ORDERED that Morris' Motion for Appointment of Counsel, (ECF No. 119), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that the Clerk shall also forward this order to the Pro Bono Liaison.

Dated this 10th day of March 2023.

_____
ROBERT C. JONES
United States District Judge