UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES MORRIS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ROMEO ARANAS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:18-CV-00310-CLB<br><br>**ORDER DENYING WITH LEAVE TO REFILE MOTION FOR PRELIMINARY INJUNCTION, GRANTING MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL, AND DENYING AS MOOT MOTIONS TO EXTEND TIME TO REPLY**<br><br>[ECF Nos. 127, 131, 134, 135, 137] |

This case involves a civil rights action filed by Plaintiff Charles Morris ("Morris") against Defendants Romeo Aranas ("Aranas"), Isidro Baca ("Baca"), Shelly Conlin ("Conlin"), Richard Long ("Long"), David Mar ("Mar"), Melissa Mitchell ("Mitchell"), and William Miller ("Miller") (collectively referred to as "Defendants"). Currently pending before the Court is Morris's emergency motion for preliminary injunction, (ECF No. 127), to which Defendants responded (ECF No. 130). Also pending before the Court is Defendants' motion for leave to file documents under seal, (ECF No. 131), and several motions for extension of time for Morris to file his reply to the motion for preliminary injunction. (ECF Nos. 134, 135, 137.) For the reasons stated below, the Court denies with leave to refile the motion for preliminary injunction, (ECF No. 127), grants the motion to seal, (ECF No. 131), and denies as moot the motions to extend time, (ECF Nos. 134, 135, 137).

I.　**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Morris is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Northern Nevada Correctional Center ("NNCC"). Morris initiated this action on June 27, 2018. (ECF No. 1.) He submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple Defendants for events that took place while he was incarcerated.[1] (ECF No. 43). Morris's second amended complaint,

---

[1]　Morris was transferred five times between four facilities (NNCC, Lovelock

which is the operative complaint in this case, includes two claims. The first is an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Aranas, Long, Mitchell, and Mar, and the second is an Eighth Amendment deliberate indifference to serious threats to inmate's safety claim against Defendants Baca, Miller, and Conlin. (*Id.*)

On June 21, 2021, Defendants filed a motion for summary judgment arguing they were not deliberately indifferent to Morris's serious medical needs or threats to his safety, they are entitled to qualified immunity, several Defendants lack personal participation, no NDOC personnel created an unsafe condition, Morris is not entitled to injunctive relief, and he failed to exhaust his administrative remedies. (ECF No. 65.) Morris opposed the motion and filed a cross-motion for summary judgment, (ECF Nos. 75, 83). Morris moved for summary judgment on his unsafe prison conditions claim, only. (*See id.*)

Ultimately, this Court recommended that the motions for summary judgment be denied, as genuine issues of material fact existed that precluded summary judgment. (ECF No. 92.) The District Court adopted and accepted the report and recommendation, and thereafter ordered the parties to file a joint pretrial order. (ECF Nos. 93, 105.) The joint pretrial order was submitted by the parties on January 30, 2023, (ECF No. 123), and adopted by the District Court on February 1, 2023, (ECF No. 124).

On March 10, 2023, the District Court withdrew a prior order denying Morris's motion for appointment of counsel and referred this case to the Court's Pro Bono Program for appointment of counsel. (ECF No. 126.)

On April 18, 2023, Morris filed the instant emergency motion for preliminary injunction. (ECF No. 127.)  On September 18, 2023, pro bono counsel Paola Armeni, Esq., was appointed as counsel for Morris. (ECF No. 142.) On October 10, 2023, this case was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c), as the parties consented to the undersigned's jurisdiction to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial

---

Correctional Center, Ely State Prison, and High Desert State Prison) throughout the time period of his complaint. (*See* ECF No. 66-1 at 80- 81.)

proceedings. (ECF No. 145.)

## II. DISCUSSION

For the purpose of judicial economy and with the above background in mind, the Court finds that Morris's emergency motion for preliminary injunction, (ECF No. 127), should be denied with leave to refile, now that pro bono counsel has been assigned to this matter. Further, Morris's motions for extension of time to file a reply, (ECF Nos. 134, 135, 137), are denied as moot.

As to Defendants' motion for leave to file documents under seal, (ECF No. 131), which is unopposed by Morris, the Court finds that the motion should be granted. Defendants move to file exhibits to the response to the motion for preliminary injunction under seal based on the exhibits containing Morris's confidential medical information. (*See* ECF Nos. 131, 132.) When the documents proposed for sealing are "more than tangentially related" to the merits of the case, the Court applies the compelling reasons standard to determine whether sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Here, the referenced exhibits contain Morris's sensitive health information. Balancing the need for the public's access to information regarding medical treatment against the need to maintain the confidentiality of the information weighs in favor of sealing these exhibits. Accordingly, the Court finds compelling reasons exist to seal the documents, and thus the motion, (ECF No. 131), is granted.

Finally, in light of the parties newly consenting to the undersigned's jurisdiction, the Court will contact the parties to set a status conference in this matter.

## III. CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS THEREFORE ORDERED** that Morris's emergency motion for preliminary injunction, (ECF No. 127), is

**DENIED with leave to refile**.

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file documents under seal, (ECF No. 131), is **GRANTED**.

**IT IS FURTHER ORDERED** that Morris's motions for extension of time, (ECF Nos. 134, 135, 137), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that in light of the parties consenting to the undersigned's jurisdiction, the Court will contact the parties to set a status conference at a time convenient for both the parties and the Court to discuss trial in this matter.

**IT IS SO ORDERED**.

**DATED**: October 12, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**