PAOLA M. ARMENI, ESQ.
Nevada Bar No. 8357
GIA N. MARINA, ESQ.
Nevada Bar No. 15276
**CLARK HILL PLLC**
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Telephone: (702) 862-8300
Facsimile: (702) 778-9709
E-mail: parmeni@clarkhill.com
gmarina@clarkhill.com

Attorneys for Plaintiff, Charles Morris

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES MORRIS, | CASE NO. 3:18-cv-00310-CLB |
| Plaintiffs, | |
| vs. | **ORDER GRANTING STIPULATION REGARDING PRESENTATION OF EVIDENCE AT TRIAL** |
| ROMEO ARANAS, et al. | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between, Plaintiff Charles Morris and his attorneys of record Paola M. Armeni, Esq., and Gia N. Marina, Esq., of the law firm of Clark Hill, PLLC, and Defendants Romeo Aranas, et al., by and through their attorneys, Douglas R. Rands, Esq., and Nathan M. Claus of the Attorney General's Office, as follows:

1. The parties will inform the jury that Mr. Morris has been convicted of a crime and lawfully in the custody of the Nevada Department of Corrections (NDOC), but the precise crimes will not be identified;

2. Mr. Morris's prior convictions will not be discussed unless the door is opened and such evidence is needed strictly to impeach and/or contradict Mr. Morris's testimony;

3. Mr. Morris's disciplinary history at the Nevada Department of Corrections will not be referenced or introduced into evidence except any such discipline which resulted from Mr. Morris having contraband (a phone) in his bunk;

4. Mr. Morris's disciplinary history at the Nevada Department of Corrections will not be referenced or introduced into evidence, absent the above exception, unless the door is opened and such evidence is needed to strictly impeach and/or contradict Mr. Morris's testimony;

5. The parties stipulate as to the authenticity of medical records and billings allegedly arising from the subject incident, thereby barring the need for testimony from Custodians of Records for authentication purposes;

6. The parties further stipulate to the admission of medical records and billings allegedly arising from the subject incident;

7. The medical treatment for which the medical expenses were incurred was reasonable and necessary;

8. The charges for the medical expenses were within the usual and customary charges for the community;

///

///

///

9. The parties stipulate to exclude evidence and testimony regarding third-party payments, insurance payments, and adjustments of any medical billing pursuant to the collateral source rule.

**APPROVED AS TO FORM AND CONTENT:**

Respectfully submitted this 29th day of July 2024.

| CLARK HILL, PLLC | ATTORNEY GENERAL'S OFFICE |
|---|---|
| /s/ Paola M. Armeni, Esq.<br>PAOLA M. ARMENI<br>Nevada Bar No. 8357<br>GIA N. MARINA<br>Nevada Bar No. 15276<br>1700 S. Pavilion Center Drive, Ste.., #500<br>Las Vegas, Nevada 89135<br>*Attorney for Plaintiff Charles Morris*<br>*in conjunction with Legal Aid of Southern Nevada* | /s/ Douglas R. Rands, Esq.<br>DOUGLAS R. RANDS<br>Nevada Bar No. 3572<br>Senior Deputy Attorney General<br>NATHAN M. CLAUS<br>Deputy Attorney General<br>Nevada Bar No. 15889<br>100 North Carson Street<br>Carson City, Nevada 89701<br>*Attorney for the Defendants* |

**ORDER**

**IT IS SO ORDERED.**
**DATED:** July 30, 2024

_____
UNITED STATES MAGISTRATE JUDGE